AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>WALTER WAYNE BROWN JR. and<br>GARY BRUMMETT,<br>*Defendant(s)* | Case No. 21-6074-SNOW |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 9-11, 2021__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 912 | False Personation of a Federal Officer |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Marc Thompson-Kow, Deputy U. S. Marshal
*Printed name and title*

Sworn to before me telephonically.

Date: 02/12/2021

*Judge's signature*

City and state: Fort Lauderdale, Florida

Lurana S. Snow, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Marc Thompson-Kow, first being duly sworn, does hereby depose and state as follows:

1. Your Affiant is presently employed as a Criminal Investigator Deputy United States Marshal (DUSM), and has served in that capacity since February of 2017. I am currently assigned to Fugitive Operations and the Florida Caribbean Regional Fugitive Task Force in the Southern District of Florida. Previously, I was employed as a Special Agent with the U.S. Department of Health and Human Service and the U.S. Department of Labor. As such, your Affiant is lawfully authorized to investigate and enforce the provisions of federal law, to include violations of Title 18 of the United States Code.

2. This affidavit is based upon your Affiant's personal knowledge, training and experience, and information obtained from other law enforcement officials and civilians who possess personal knowledge of the events and evidence described herein. This affidavit does not contain every fact about this case known to your Affiant, but only enough facts to establish probable cause to issue a criminal complaint for Walter Wayne BROWN, JR and Gary BRUMMETT for violation of Title 18, United States Code, Section 912, the False Personation of a Federal Officer, that is, a Deputy United States Marshal.

3. On February 11, 2021, deputies from the Broward Sheriff's Office, Deerfield Beach District (BSO) responded to a call from the Wyndham Deerfield Beach Resort in Deerfield Beach, Florida, which is located within Broward County and the Southern District of Florida. The call was in reference to a report of two individuals who identified themselves as U.S. Marshals in the area of the hotel lobby and restaurant. BSO notified your Affiant of the call. Your Affiant arrived at the hotel shortly thereafter and was briefed by BSO deputies. They advised as follows: Upon their arrival they were directed by hotel

staff to make contact with BROWN JR and BRUMMETT at the downstairs restaurant located within the hotel. BROWN JR and BRUMMETT were sitting at a dining table at the restaurant. BSO deputies requested to see their identification. On their belts, BROWN JR and BRUMMETT were wearing authentic appearing circular badges with a seven-point star that read "Cherokee Nation Marshal" along the circle and "Aniyvwiya Criminal Justice Deputy" within the star. BROWN JR and BRUMMETT provided BSO deputies similar identification cards which were titled, "Aniyvwiya-Tribal-nation…Cherokee-Nation-Of-The-[In]dians…:Grand-Fire-Council: [Government/ID]." Around their necks, BROWN JR and BRUMMETT wore laminated cards titled "FACEMASK EXEMPT NOTICE/CARD" which stated "I am exempt from any ordinance requiring face mask usage in public…Wearing a face mask poses a mental and/or physical risk to me. Under the Americans with Disabilities Act (ADA), I am not required to disclose my condition to you." The cards also listed a "Department of Justice ADA Violation reporting number: (800) 514-0301." The interactions with BROWN JR and BRUMMETT were captured on BSO police body camera.

4. Your Affiant personally observed BROWN JR and BRUMMETT in possession of the abovementioned items.

5. Once briefed by BSO deputies, your Affiant interviewed the Assistant Front Office Manager (Manager), the reporting party for this incident. According to the Manager, earlier that day, BRUMMETT approached the front desk lobby to request coffee from hotel staff and was wearing an authentic looking badge on his belt. The Manager, along with a Front Desk Agent, requested that BRUMMETT wear a face mask while traversing the hotel premises. BRUMMETT responded that he was medically exempted from wearing a face mask and presented the aforementioned laminated card to show his exemption. Once the Manager advised BRUMMETT that it was hotel policy for patrons to wear a mask while navigating public areas, BRUMMETT responded that he would not wear a mask because he

would receive a $75,000 fine (as shown on his laminated exemption card). The Manager once again asked that BRUMMETT wear a mask in order to comply with hotel policy as well as adhere to public health guidelines. In response, BRUMMETT pointed towards his belt badge and stated "Do you know what this means? I'm a 'U.S. Marshal' and can have you arrested if you force me to wear a mask." The Front Desk Agent responded that her cousin is a U.S. Marshal and would not conduct themselves in that manner. BRUMMETT walked away and met with BROWN JR at the hotel restaurant. The Manager and Front Desk Agent decided to contact law enforcement to determine the legitimacy of BRUMMETT's claims.

6. The Front Desk Agent advised that on February 9, 2021, two days prior to this incident, she had encountered BROWN JR during his check-in at the hotel. He was accompanied by his son. Initially, both BROWN JR and his son were not wearing masks. The Front Desk Agent requested that they both wore a mask while on hotel grounds, and handed them spare masks the hotel maintained in a box for patrons. BROWN JR's son wore the mask, but BROWN JR responded to the Front Desk Agent that he was a federal agent and did not have to wear a mask, while pointing to the badge on his belt and showing the laminated card around his neck. The Front Desk Agent advised that she continued to check BROWN JR into his hotel room, but thought it was strange for a federal agent to make an issue about wearing a mask. He was initially scheduled to check out of the hotel on February 11, 2021.

7. The Manager advised he initially encountered BROWN JR on February 10, 2021, one day prior to this incident, at which time BROWN JR approached the front lobby to request an extension to his hotel stay for an additional day in order to depart on February 12, 2021. BROWN JR was not wearing a face mask and was asked by the Manager to wear a mask. BROWN JR told the Manager that he was a "U.S. Marshal", while showing the badge on his belt, and stated that he was exempted from wearing a face mask due to a medical condition that he did not need to disclose. BROWN JR further stated that he could face a fine of $75,000 by the American Disabilities Association if forced to wear a face mask and

could have the Manager arrested. The Manager, like the Front Desk Agent on the previous day, thought it was strange for a U.S. Marshal to make an issue about wearing a face mask.

8. The Manager advised that the hotel has video surveillance footage of the incidents that occurred on each day, between February 9 and February 11, 2021. Your Affiant is in the process of obtaining those videos.

9. Based on your Affiant's personal knowledge and experience, your Affiant is aware that Deputy United States Marshals, also known as Federal Marshals, are employees of the United States Department of Justice. Based on personnel checks conducted by your Affiant, your Affiant is further aware that defendants BROWN JR and BRUMMETT have never been officers or employees of the U.S. Marshals Service. Your Affiant also contacted the Cherokee Nation Marshal Service, headquartered out of Oklahoma and North Carolina, and confirmed that neither BROWN JR nor BRUMMETT were or ever have been employees, and that the aforementioned badge was not representative of a Cherokee Nation Marshal badge.

10. Based on the foregoing facts and evidence, your Affiant respectfully submits there is probable cause that Walter Wayne BROWN JR and Gary BRUMMETT committed False Personation of an Officer or Employee of the United States, that is, a Deputy U.S. Marshal employed by the United States Marshals Service, United States Department of Justice, in violation of Title 18, United States Code, Section 912. FURTHER YOUR AFFIANT SAYETH NAUGHT.

Marc Thompson-Kow, Deputy United States Marshal
United States Marshals Service

Sworn to and subscribed before me telephonically this 12th day of February, 2021.

LURANA S. SNOW
UNITED STATE MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 21-6074-Snow

## BOND RECOMMENDATION

DEFENDANT: Gary Brummett

Pretrial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *O. White* (signature)
AUSA:   ANITA WHITE

Last Known Address: _____

_____

_____

What Facility:   _____

_____

Agent(s):   USDM Marc Thompson-Kow
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)
786-858-7461

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 21-6074-Snow

### BOND RECOMMENDATION

DEFENDANT: Gary Brummett

Pretrial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *O White*
AUSA: ANITA WHITE

Last Known Address: _____

What Facility: _____

Agent(s): USDM Marc Thompson-Kow
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
786-858-7461